THE EQUITABLE CO-OPERATIVE FOUNDRY COMPANY, Respondent, *v.* ANNETTE C. HERSEE, as Executrix, etc., Appellant.

The burden of showing error in the conclusions of a referee is upon the appellant, and this court will not, for the purpose of reversing a judgment entered upon a referee's report, look into the evidence to supply a fact not found ; it is only for the purpose of sustaining a judgment that it may do this.

The mere bringing of an action for the price of goods sold is not a bind-

ing election of remedies, or a waiver of a right to rescind the sale on the ground of fraud, unless the action was brought 'with knowledge of the fraud.

(Submitted February 5, 1886 ; decided October 5, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made May 30, 1884, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 33 Hun, 169.)

This action was brought to recover damages for the alleged conversion of a number of stoves.

The stoves in suit were sold by defendant to the firm of Fisher & Co., the sale having been induced by fraudulent representations made by a member of the firm as to its responsibility. Plaintiff sought to rescind the contract of sale on the ground of the fraud ; it demanded the stoves of defendant's testator, who claimed title under a sale on execution against members of the firm, and on refusal to deliver, this action was brought.

The facts material to the questions discussed are stated in the opinion.

*G. A. Scroggs* for appellant. The plaintiff having full knowledge of the fraud alleged in the complaint herein when it commenced the action against Fisher & Whiting on the contract of goods, thereby elected to waive the fraud, affirm the contract and rely on that remedy. (6 Bac. Abr., Elect. 431; *Morris* v. *Rexford*, 18 N. Y. 352 ; 4 T. R. 212; 8 Alb. Law Jour. 303 ; *Littlefield* v. *Brown*, 1 Wend. 404, 405 ; *McElvoy* v. *Mancius*, 13 Johns. 122 ; *Rawson* v. *Turner*, 4 id. 469 ; *Brown* v. *Littlefield*, 7 Wend. 454; affirmed, 11 id. 467; *Sanger* v. *Wood*, 3 Johns. Ch. 416 ; *Masson* v. *Bovet*, 1 Den. 69 ; *Kinney* v. *Kiernan*, 49 N. Y. 164, 174 ; *Wright* v. *Pierce*, 4 Hun, 351, 353 ; *Roth* v. *Palmer*, 24 Barb. 652 ; *Hughes* v. *Vt. Copper Min. Co.*, 72 N. Y. 207, 209 ; *Smith* v. *Knapp*, 30 id. 581, 591 ; *Lloyd* v. *Brewster*, 4 Paige's Ch.

537, 541 ; Bigelow on Estoppel, 578, 581 ; Pomeroy on Remedies, 570, 574, 584, 801 ; Herman on Estoppel, 461, 463, 464, § 471 ; *Benedict* v. *Bk. of Com.*, 3 Daly, 171.) By merely bringing the action on the contract the plaintiff adopted his remedy and waived the tort. (2 Coke, 36 ; *Kenney* v. *Kiernan*, 49 N. Y. 164 ; *Rodermund* v. *Clark*, 46 id. 354 ; *Morris* v. *Rexford*, 18 id. 537 ; *Wright* v. *Pierce*, 4 Hun, 351 ; *Rawson* v. *Turner*, 4 Johns. 469 ; Herman on Estoppel, 463, 464, § 471 ; 467, § 476 ; Bigelow on Estoppel, 578.)

*Geo. H. Humphrey* for respondent. The suit brought in May, 1877, was not available as a defense to this action. (*Miller* v. *Manice*, 6 Hill, 114 ; *Royce* v. *Burke*, 42 Barb. 655 ; *Stowell* v. *Chamberlain*, 60 N. Y. 272, 276 ; *Dawley* v. *Brown*, 79 id. 390–396.)

Rapallo, J. The point is elaborately and ably discussed in the opinion of Smith, P. J., at General Term, that the bringing of the action by the plaintiff against Fisher & Whiting for the contract price of the goods sold to them, was not an election to affirm the contract, which was final, and precluded the plaintiff subsequently bringing this action in disaffirmance of the contract, because the first action was abandoned and discontinued before trial or judgment, and no provisional remedy or other benefit was obtained by the plaintiff therein, nor was the position of the parties changed thereby.

We do not, however, deem it necessary to pass definitely upon that point, for the reason that there appears in the case no finding or request to find that, at the time of the bringing of the action on the contract, the plaintiff had knowledge of the fraud which entitled it to rescind the sale. This fact was essential to put the plaintiff to its election of remedies, and it should appear in the findings of fact, to disclose error in the conclusion that the bringing of the action was not a waiver of the right to disaffirm the contract.

The burden of showing error in the conclusion of the referee is on the appellant, and nothing is better settled than that this

court will not, for the purpose of reversing a judgment, look into the evidence to supply a fact not found. It is only for the purpose of affirming a judgment that the court will look at the evidence to supply a fact not specified in the findings.

The mere bringing of the action for the price of the goods, unless it was brought with knowledge of the fraud, was not a binding election, or a waiver of the right to rescind, and no error in the conclusion of the referee is disclosed by the record.

The point made in the dissenting opinion of BARKER, J., at General Term, that the finding of the referee that before the commencement of this action the plaintiff demanded of the defendant possession of the goods, and the defendant refused to surrender them, is unsupported by the evidence, is not available to the appellant on this appeal. If the finding was unsupported by any evidence, it was an error of law, reviewable in this court; but in order to raise the point here, it was necessary that the finding should have been excepted to, and the case contains no such exception.

The other points are fully discussed and, I think, properly disposed of in the prevailing opinion at General Term.

The judgment should be affirmed.

All concur.

Judgment affirmed.