ISAAC HAYS, Respondent, *v.* BERNARD MIDAS, Appellant.

Where a vendor brought an action to recover the price of goods sold, and obtained an attachment therein, on the ground that the defendant had removed and disposed of his property with intent to defraud his creditors, which was levied on property of the defendant, but nothing was obtained by plaintiff under the attachment, and said action was subsequently discontinued, by order of the court, on notice to the defendant; *held*, that plaintiff was not precluded thereby from rescinding the sale, on the ground that it was induced by fraud on the part of the vendee, and from bringing an action to recover the goods sold, in the absence of proof that the vendor brought the first action with knowledge of the fraud.

(Argued February 10, 1887 ; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 13, 1886, which reversed a judgment in favor of defendant entered upon a verdict and directed judgment in favor of plaintiff. (Reported below, 39 Hun, 460.)

The nature of the action and the material facts are stated in the opinion.

*James Troy* for appellants.   With plaintiff's knowledge of the fraud practiced upon him by Midas, his action to recover the price of the goods was an election to affirm the sale and allow the vendee to retain the property, and he thus secured the benefit of a warrant of attachment which he could not have procured had he elected to disaffirm the contract and reclaim the goods.   (Art. 1, tit. 2, chap. 14 Code of Civ. Pro., § 635.)   Having elected to pursue one of two inconsistent remedies, his right to the other was extinguished and could not afterwards be resorted to.   (*Powers* v. *Benedict,* 88 N. Y. 609 ; *Bk. of Beloit* v. *Beale,* 34 id. 473 ; *Field* v. *Bland,* 81 id. 239 ; *Moller* v. *Tuska,* 87 id. 166 ; *Taussig* v. *Hunt,* 49 id. 301 ; *Rodermund* v. *Clark,* 46 id. 354 ; *Morris* v. *Rexford,* 18 id. 522 ; *Bowen* v. *Mandeville,* 95 id. 239, 240 ; *Shaffer* v. *Deitz,* 35 id. 300 ; *Wile* v. *Brownstein,* 35 Hun, 68 ; *Northampton Nat. Bk.* v. *Kidder,* 50 N. Y. Sup. Ct. [18 J. & S.] 246 ; *Creighton* v. *Haggerty,* id. 9 ; *Wile* v. *Pierce,* 4 Hun, 351 ; *Acer* v. *Hotchkiss,* 97 N. Y. 406 ; *Strong* v. *Strong,* 102 id. 69.)   The right to rescind a contract for fraud, must be exercised immediately upon its discovery, and any delay in doing so, or the continued employment, use and occupation of the property received under the contract will be deemed an election to affirm it.   (*Strong* v. *Strong,* 102 N. Y. 69.)   One cannot experiment upon a contract void for fraud by trying to enforce it with knowledge of the fraud, and that result being unsatisfactory seek at last to rescind it.   (*Acer* v. *Hotchkiss,* 97 N. Y. 395.)

*A. Blumenstiel* for respondent.   Even if there was a conclusive election as between the plaintiff and the defendant Midas, such defense was not available to the sheriff.   (*Powers* v. *Benedict,* 88 N. Y. 609, 610.)   There was no binding election.   (*Eq. Co-operative F. Co.* v. *Hersee,* 24 Week. Dig. 428 ; *Bowe* v. *Mandeville,* 95 N. Y. 240, 241 ; *Mallage* v. *Poole,* 14 Hun, 556, 558 ; *Johnson* v. *Field,* 33 id. 195 ; *Eq.*

*Found. Co.* v. *Hersee,* 33 id. 171, 174, 175, 176 ; *Nason* v. *Cochrof,* 3 Duer, 369 ; *Acer* v. *Hotchkiss,* 97 N. Y. 395 ; *Rodermund* v. *Clark,* 46 id. 354, 356, 357 ; *Morris* v. *Rexford,* 18 id. 552, 556 ; *Bk. of Beloit* v. *Beale,* 34 id. 473.)

DANFORTH, J. This is an appeal by the defendant Stegman from an order of the General Term of the Supreme Court, reversing a judgment theretofore obtained by him in an action for the recovery of personal property and directing judgment in favor of the plaintiff. The complaint contains the usual allegations required in such actions. The answer of defendant Stegman admitted the value of the goods to be as stated, but denied all other averments of the complaint, and set up that as sheriff of Kings county he took the property by virtue of sundry attachments duly issued to him for enforcement against the property of one Midas, his co-defendant, and that one of the attachments was in favor of the plaintiff Hays. Midas, by his answer, alleged that the property was purchased by him from the plaintiff, and that before the commencement of this action the plaintiff sued for the price and obtained a warrant of attachment thereby, as is asserted, affirming the contract of sale.

Upon the trial the plaintiff offered testimony tending to show that Midas procured the goods fraudulently, and produced, and offered to return to him, the notes given therefor. They were refused. The defendant Stegman then put in evidence, among others, the attachment issued to him in favor of the plaintiff. It recited a cause of action on contract, and stated as ground for the attachment that "the defendant has removed and disposed of his property with intent to defraud his creditors," and also the affidavits on which the charge was founded.

The suit was commenced and the attachment levied upon real and personal property of the defendant Midas, on the 16th of December, 1884. But it was proven that the attachment suit was discontinued by an order of the court, made December twenty-seventh, on notice to the defendant,

and the present action commenced on the 29th of December, 1884. It was conceded that nothing was obtained by the plaintiff under the attachment.

The defendants thereupon moved for a dismissal of the complaint upon the ground, as stated by their counsel, that it appeared from the proof that the plaintiff, on the 16th day of December, 1884, with full knowledge of the fraud which had been perpetrated upon him by Midas, and the right to rescind said sale and reclaim said goods, or affirm the sale and recover the value therefor, had elected to affirm the sale of the goods obtained by Midas, and sue upon the contract for the value thereof, and having so elected and obtained the benefit of a personal remedy, such election was final and conclusive and vested Midas with the title to said property.

By consent of parties the court reserved its decision upon the question of law thus raised, and submitted the case to the jury to find on the question of fact as to whether the defendant Midas had obtained possession of the goods fraudulently, and with the preconceived intent not to pay therefor. They found for the plaintiff.

The court subsequently decided the point reserved, in favor of the defendant, set aside the verdict, dismissed the complaint and awarded judgment in favor of the defendant Stegman for a return of the property. Upon appeal by the plaintiff the General Term reversed this judgment and ordered judgment for the plaintiff upon the verdict.

The two actions are inconsistent, and if it had appeared that the first was brought with knowledge of the defendants' fraud, it may be inferred from the opinions of the courts below there would have been no difference between them. But neither party requested to have that question determined by the jury, and the affidavits which accompanied the attachment have led to a conflict of interpretation. The appellant now contends that the affidavits show not only fraud on the part of Midas in the disposition of his property, but also that he had contracted the debt fraudulently. Such was the conclusion of the trial judge, but we agree with the General Term in the opinion that the latter charge does not appear. The

plaintiff's own affidavit contains no such averment, but alleges as the only ground upon which he applies for an attachment " that the defendant " therein " has removed and disposed of his property with intent to defraud his creditors." The warrant of attachment contains the same and no other charge. Other affidavits state facts which sustain the charge actually made, but unless it is necessarily, and as matter of law, to be inferred that one who is guilty of fraudulently disposing of property was also guilty of fraud in its acquisition, knowledge of the fact cannot be imputed to a person who has no other means of information. It would be different if it appeared that one buying on credit did at the time of purchase intend to make a fraudulent assignment, or other fraudulent disposition of the goods bought, and a vendor who, with knowledge of that fact, sued for the price, might with some reason be deemed to affirm the contract, and thereafter be held to his election.

Such is not this case, nor did any advantage accrue by reason of the attachment. It was a remedy given for another fraud and was incident to the action upon contract, and fell with its discontinuance. The judgment appealed from is so directly within our decision in *Equitable Co-operative Foundry Company* v. *Hersee* (decided October, 1886, 103 N. Y. 25), that no further discussion is required.

The judgment should be affirmed.

All concur, except EARL, J., not voting.

Judgment affirmed.