GEORGE R. BOOTS, PLAINTIFF, v. CHARLES FERGUSON AND OTHERS, DEFENDANTS.

46  129
42ap240

*Election of remedies — after the prosecution to judgment of an action founded on contract, an action for conversion cannot be maintained.*

The plaintiff having, pursuant to a contract made with the commissioners of highways of the town of Gorham, on May 31, 1873, furnished the materials for and constructed a bridge, brought an action against them individually, in which they recovered a judgment against him on the ground that they were not individually liable. Thereafter, and in 1879, the commissioners of highways caused the bridge to be taken down, and subsequently the material composing it was sold by them and taken away. Thereafter, and on February 28, 1880, the plaintiff brought another action against the highway commissioners of the town for the contract-price of the bridge. The plaintiff, who knew of the sale and removal of the material as early as May, 1880, verified the complaint in such action and the same was served on June 11, 1880, in which complaint he alleged full performance on his part of the contract, and that after the completion of it

the same was duly accepted by the defendants, whereby they became indebted to him for the contract-price thereof. In that action the court found that the plaintiff had fully performed his contract, but that his claim was barred under the statute of limitations.

Thereafter, and on March 5, 1885, this action was brought to recover damages for the alleged conversion of the lumber and timber used in constructing the bridge by the defendants.

*Held,* that the action, brought, in 1880, against the commissioners of highways of the town for the contract-price of the bridge and the prosecution of the same to judgment, was such an election of remedies as to prevent the plaintiff from maintaining this action for the conversion of the property.

MOTION for a new trial on exceptions taken at the Yates Circuit, and ordered to be heard at the General Term in the first instance.

*Edwin Hicks,* for the plaintiff.

*W. H. Adams,* for the defendants.

HAIGHT, J.:

This action was brought to recover damages for the alleged conversion of a quantity of lumber and timber. The defendants are commissioners of highways of the town of Gorham. On the 31st day of May, 1873, John Washburn, N. B. Washburn and David Sutherland, the commissioners of highways of the town of Gorham, entered into a written agreement with one William Conley to build a bridge across Flint creek, in that town, for the sum of $1,000, to be paid for when finished and accepted by the commissioners, and to be completed on or before the 15th day of July, 1873. Conley assigned the contract to the plaintiff, who furnished the material and constructed the bridge within the time specified. The commissioners refused to pay him therefor and he thereupon brought an action against them, individually, to recover the contract-price. Upon the trial the defendants obtained judgment upon the ground that they were not liable individually, and that judgment was subsequently affirmed in the General Term and Court of Appeals. Thereafter and in 1879 the commissioners of highways caused the bridge to be taken down, and subsequently the material composing it was by them sold and carried away. The plaintiff knew of this as early as May, 1880. He himself testified that he saw the material

of the bridge in December, 1879, on the bank, and that he again saw it in Wilson & Stokoe's possession (the persons to whom it had been sold) in May following. On the 28th day of February, 1880, he brought another action against the highway commissioners of the town for the contract-price of the bridge; and the complaint in that action was verified and served on the 11th day of June, 1880, after he had seen the bridge timber and material in the possession of Wilson & Stokoe. The complaint in that action alleged full performance on the part of the plaintiff in the construction of the bridge, and that after the completion of it the same was duly accepted by the defendants, whereby they became indebted to the plaintiff in the sum of $1,000, the contract-price, with the interest accrued thereon. Issue was joined thereon and the same went to trial before the court without a jury and resulted in a judgment in favor of the defendants, the court finding as facts that the plaintiff had fully performed on his part under the contract, but that his claim was barred under the statute of limitations.

Subsequently and on the 5th day of March, 1885, this action was brought, and at the conclusion of the evidence the court directed a verdict for the defendants. The question is thus presented as to whether the action brought in 1880, against the commissioners of highways of the town, for the contract-price of the bridge, and prosecuting the same to judgment, was such an election of remedies as to prevent the plaintiff from maintaining this action for the conversion of the property. The rule, as we understand it, is that where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers and adopts. That the remedies are not concurrent, and where the choice between them is once made the right to follow the other is forever gone. (*Riley* v. *The Albany Savings Bank*, 36 Hun, 513, 522; *Bank of Beloit* v. *Beale*, 34 N. Y., 473, *Kennedy* v. *Thorp*, 51 id., 174; *Fields* v. *Bland*, 81 id., 239; *Wright* v. *Pierce*, 4 Hun, 351; *Sanger* v. *Wood*, 3 Johns. Ch., 416; *Morris* v. *Rexford*, 18 N. Y., 552; *Rodermund* v. *Clark*, 46 id., 354.)

It is contended, however, that the rule of election of remedies obtains only in the case of sale of goods, where the title passed subject to be defeated for fraud, or where the plaintiff had obtained possession of the property or some benefit to himself in relation

thereto, either by judgment in his favor or by the enforcement of the provisional remedy in the action. But in the case of *Rodermund* v. *Clark* (*supra*), two perons were joint owners of a sloop; cne, ignoring the rights of the other, sold the vessel to a third person. After the sale the joint owner, who had not joined in the sale, retained the possession of the vessel. Thereupon the purchaser libeled the vessel as owner in the United States District Court, and caused the marshal to seize the same. Thereupon he was permitted to enter judgment by default. Afterwards action was brought by the assignee of the joint owner who had not sold, against the joint owner who did sell, for cónversion. It was held that the joint owner having elected to assert his rights, by retaining possession and refusing to recognize the sale, he and his assignees were precluded from maintaining an action for the conversion; that the sale as to him was not valid, and he had the right to retain his possession of the sloop, and could have defended that right in the court in which the vessel had been libeled; and that he could not, after having asserted his right by retaining possession, abandon the same and submit to a judgment by default and then retain his right of action for a conversion; that the two remedies were, inconsistent and not concurrent.

In this case it will be observed that the plaintiff's assignor had not obtained possession of the property after the sale. He simply retained that which he before had. He therefore acquired no benefit under the election, for immediately after the sloop was seized by the marshal and the possession taken from him, and the judgment as subsequently entered was against him. So that he received no benefit or judgment in his favor.

In the case of *The Equitable Co-operative Foundry Company* v. *Hersee* (33 Hun, 169), cited by the plaintiff's counsel, SMITH, P. J., in delivering the opinion of the court, says : " The action  *  *  * being upon the contract, would, doubtless, have been conclusive evidence of an election to affirm the same if it had proceeded to judgment, *even if the judgment had been adverse to the plaintiff.*" In that case the plaintiff, after discovering the fraud, discontinued his action upon the contract and did not proceed to judgment thereon. The Court of Appeals, in affirming the judgment (103 N. Y., 25), held : That " the mere bringing of the action for the price of the goods,

unless it was brought with knowledge of the fraud, was not a binding election or a waiver of the right to rescind." * * * So that, in order to constitute a binding election, there must exist a knowledge of the facts upon which the inconsistent remedies may be founded.

The case of *Stowell* v. *Chamberlain* (60 N. Y., 272), cited by the plaintiff, is the only case to which our attention has been called that is in apparent conflict with the cases referred to. But, upon a careful reading of that case, it will be observed that the plaintiff's contention is not sustained by it. The action was brought to recover the value of fourteen United States bonds, which had been received and sold by the defendant as agent of the plaintiff. The defendant pleaded a former judgment in bar. The first action was for the wrongful conversion of the same bonds, the complaint alleging that they were the property of the plaintiff, and were loaned by him to the defendant, who, without his consent, sold, transferred and converted the same. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and final judgment was entered thereon. The only question discussed upon review was as to whether or not the former judgment was *res adjudicata* and a bar to the subsequent action. The question as to whether the remedies were inconsistent, and as to whether there had been an election between them, does not appear to have been raised or discussed. Consequently, we cannot consider the case as an authority upon that question.

In the case under consideration it appears that the plaintiff prosecuted to judgment the action against the commissioners of highways, after he knew of the conversion of the material composing the bridge. That action was founded upon the contract and the allegation that the bridge had been fully completed and accepted by the commissioners. In other words, that the title had vested in the town. That action is inconsistent with this, for the reason that this proceeds upon the theory that the title of the bridge remained in the plaintiff, and was not in the town or the commissioners of highways. The plaintiff, therefore, by bringing the former action and prosecuting the same to judgment, with full knowledge of all the facts, must be deemed to have made his

election of remedies. and having done so, his right to maintain the present action is gone.

Motion for a new trial must, therefore, be denied, and the judgment that was entered upon the verdict must be permitted to stand-

BARKER and BRADLEY, JJ., concurred in result; SMITH, P. J., taking no part.

Motion for new trial denied and judgment ordered for defendant upon the verdict.