ELIAS BACH and Another, Surviving Partners, Appellants v. SIMON TUCH, as Assignee. etc., Respondent.

*Election of remedies — effect of a party not having knowledge of the facts.*

In this action, brought to recover certain tobacco which had been previously sold and delivered by the plaintiffs to one Moeller, it appeared that the sale was made in October, 1885 ; that in the month of December following, Moeller made a general assignment for the benefit of his creditors to the defendant Tuch, upon the execution and delivery of which assignment the plaintiff brought an action for the purchase-price of the tobacco, and obtained and issued an attachment against the property in the hands of Moeller, which was levied upon goods in his possession; the attachment was subsequently vacated on appeal.

After the attachment had been vacated, and in February, 1886, the action for the recovery of the purchase-price of the tobacco was discontinued, and this action was commenced to recover the possession of the tobacco, on the ground that the plaintiffs had been induced to sell the same by false and fraudulent representations made by Moeller to them. Evidence having been given to sustain the allegations as to false and fraudulent representations, the complaint was dismissed.

*Held*, error; that the case presented a question which the plaintiffs were entitled to have submitted to the jury for their consideration and decision.

That the commencement and prosecution of the action to recover the price of the tobacco and the issuing and seizure of the debtor's property under the attachment, did not constitute such an election of remedies as to preclude the present suit for the recovery of the tobacco, the former suit having been discontinued, as it did not appear that the first action was brought with the knowledge on the part of the plaintiffs of the fact that the representations which had been made by Moeller were fraudulent and untrue.

APPEAL from a judgment, entered at the New York Circuit, on the dismissal of the plaintiff's complaint.

*George W. Galinger*, for the appellants.

*Seaman & Spader*, for the respondent.

DANIELS, J.:

The plaintiffs commenced this action to recover the possession of twenty-one cases of leaf tobacco which they had previously sold and delivered to Rudolph Moeller. The sale was made on the 27th of October, 1885. On the twenty-first day of December of that year, Moeller made a general assignment for the benefit of his creditors to the defendant Tuch. After the execution and delivery of the assignment, the plaintiffs brought an action for the purchase price of the tobacco and obtained and issued an attachment against the property of Moeller, which was levied upon goods in the possession of the assignee. A motion was made to vacate the attachment and from the order denying it, an appeal was taken to the General Term, which reversed the order and vacated the attachment. Other attachments were also issued in favor of other creditors against the assignor, under which, as well as the attachment of the plaintiffs, his property was taken into the custody of and held by the sheriff, one of the defendants in the action. After the plaintiffs' attachment was vacated, and on the 20th of February, 1886, their action for the recovery of the purchase-price of the tobacco was discontinued, and this action was commenced to recover the possession of the twenty-one cases of tobacco, on the ground that the plaintiffs had been induced by false and fraudulent representations of Moeller to sell and deliver the tobacco to him. And evidence was given upon the trial of the action, having a direct tendency to establish the fact that the fraudulent representations

had been made by Moeller, and in that manner the plaintiffs had been induced to sell and deliver the tobacco to him. But the court dismissed the action on the ground that by their commencement of the suit to recover the price of the tobacco and the issuing and service of the attachment therein, they had elected their remedy and were precluded afterwards by that election from maintaining an action for the recovery of the possession of so much of the tobacco as is included in this action.

It did not, however, appear upon the trial that at the time when the plaintiffs commenced their action for the debt and obtained and levied their attachment, that they were aware of the fact that the purchase was fraudulent on the part of Moeller and that they, on that account, could disaffirm the sale and recover back so much of the property as was mentioned and described in their complaint. That the representations relied upon were made by him and were then known to and understood by the plaintiffs appears from the evidence, but that they were false and made with the intent to defraud does not appear to have been so understood by them as to justify the dismissal of their complaint. Upon that subject the case presented a question for the jury which the plaintiffs were entitled to submit for their consideration and decision. For the commencement and prosecution of an action to recover the price of the tobacco and the issuing and seizure of the debtor's property under the attachment, resulting in no possible benefit to the creditors, is not such an election of remedies as will afterwards preclude another suit after the first has been discontinued, to recover the possession of the property on the ground of fraud, where it does not appear that the first action was brought with a knowledge on the part of the plaintiffs of the existence of the fraud. (*Equitable Foundry Co.* v. *Hersee*, 33 Hun, 169; S. C., 103 N. Y., 25; *Acer* v. *Hotchkiss*, 97 N. Y., 395; *Hays* v. *Midas*, 104 N. Y., 602.)

These authorities fully sustain this legal principle, and the judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.