## CROSSMAN *et al.* v. UNIVERSAL RUBBER CO.

*(Superior Court of New York City, General Term.* December 14, 1891.)

EQUITY—MULTIPLICITY OF SUITS—SEPARATE JURISDICTIONS.

    The rule that a subsequent suit between the same parties for the same cause of action will be deemed unnecessary and vexatious does not apply when the suits are brought in different states, under circumstances seeming to justify both, and no application is made to stay either proceeding.

Appeal from jury term.

Action by William H. Crossman and others against the Universal Rubber Company. From a judgment entered on a verdict directed for plaintiffs, and from an order denying a motion for a new trial made on the judge's minutes, defendant appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*Estes, Barnard & Tiffany,* for appellant. *Norwood & Coggeshall,* for respondents.

PER CURIAM. While a double satisfaction is not allowed, concurrent cumulative remedies are not in all cases forbidden. The ground upon which courts proceed in abating a subsequent suit upon the ground of pendency of a former one between the same parties and for the same cause is that the subsequent suit is unnecessary, and therefore vexatious. This is not the case here. The suits were in different jurisdictions,—one being in the courts of New Jersey. The circumstances seem to have justified both. No application seems to have been made either to stay the proceedings in the foreign jurisdiction or those pending here. The pleadings are the same as they were on the former trial of this case, which resulted in a direction for the defendant, on the theory of election of remedies. 8 N. Y. Supp. 539. The court of appeals, in reversing that judgment, (see decision reported in 27 N. E. Rep. 400,) settled the law of the case, and the trial judge upon the second trial acted in harmony with the views expressed by our appellate tribunal when he directed a verdict in favor of the plaintiffs. It follows that the judgment and order appealed from must be affirmed, with costs. All concur.