### KAHN v. WITKOSKI.

#### (Supreme Court, Appellate Term. March 5, 1909.)

JUDGMENT (§ 588*)—BAR—ACTIONS NOT PRECLUDED.

An unsatisfied judgment for work, labor, and materials does not preclude a subsequent action for fraud in inducing plaintiff to contract, discovered by plaintiff after obtaining the first judgment; plaintiff being able to tender a discharge of the first judgment on trial or assessment of his damages in the second action.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 588.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Jacques Kahn against Isaac Witkoski. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Adam K. Stricker, for appellant.
Goldfogle, Cohn & Lind, for respondent.

GILDERSLEEVE, P. J. The plaintiff brought an action on a contract for work, labor, and materials, and recovered a judgment against defendant, upon which execution was returned unsatisfied. Upon supplementary proceedings plaintiff discovered for the first time that defendant had been guilty of fraud in procuring or inducing plaintiff to enter into said contract and to furnish the work, labor, and materials under the same. Plaintiff thereupon brought the action at bar for fraud. At the commencement of the trial the court dismissed the complaint, on the ground that the judgment in the former action was a bar to the present action. Plaintiff appeals.

The court below relied upon the authority of Caylus v. N. Y., K. & S. R. R. Co., 76 N. Y. 611, where it was held that a judgment for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

goods sold and delivered was a bar to an action for fraud. In that case, however, it does not appear that plaintiff was without knowledge of the fraud when he brought the first action, and it was an action against a corporation. In the case of Albany Hardware & Iron Co. v. Day, 11 App. Div. 230, 42 N. Y. Supp. 971, the Caylus Case has been distinguished from such a case as the one at bar. The court said:

"A judgment for the purchase price is not as full and complete a remedy for the damages sustained as a judgment rendered in an action for fraud. In the latter action an execution issues against the body of defendant, and thus affords a much more effective remedy than one against the property merely. In this respect a distinction exists between actions against corporations, where no process against the person can issue, and one against the individual; and hence the case of Caylus v. N. Y., K. & S. R. R. Co., 76 N. Y. 609, 611, is not an authority applicable to this case."

In that case the court further stated that:

"Where a vendor, having no knowledge of the fraudulent representations by which he was induced to make a sale of goods to the vendee, sues for the price of the goods and recovers an uncollectible judgment, that action cannot be deemed an election of remedies by the vendor which will bar a subsequent action by him to recover damages for the fraud. It is not necessary to the maintenance of the second action that the vendor should first have discharged his judgment for the purchase price, since he may, upon the trial, or whenever the damages are assessed, in such second action, tender a discharge of the judgment in the first action; but, if no such tender should be made, he would not be allowed to collect both judgments."

Again in the case of E. C. Foundry Co. v. Hersee, 103 N. Y. 25, 9 N. E. 487, it was held that:

"The mere bringing of an action for the price of goods sold is not a binding election of remedies, or a waiver of a right to rescind the sale on the ground of fraud, unless the action was brought with knowledge of the fraud."

The holding in the Caylus Case is that:

"The judgment for the purchase price affords as complete and full a remedy as would a judgment for damages because of the fraud, and two judgments cannot be obtained against a corporation as an indemnity for the same loss."

In the case at bar, as in the case of Albany H. & I. Co. v. Day, supra, the judgment on the contract does not "afford as complete and full a remedy as would a judgment for damages because of the fraud, for the reason, as pointed out in the Albany H. & I. Case, above quoted, that execution against the body could be issued on a judgment for fraud in the case at bar, which was not the fact in the Caylus Case, since the defendant there was a corporation. So far as the prohibition against two judgments being obtained is concerned, the plaintiff, as stated in the Albany H. & I. Case, could on the trial, or whenever the damages should be assessed in the second action, tender a discharge of the judgment in the first action.

It seems to us that the court fell into error in dismissing the complaint, and that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.