RUSSELL v. WILBER.

(Supreme Court, Appellate Division, Third Department.  March 6, 1912.)

1. FRAUD (§ 34*)—REMEDY OF SELLER—JUDGMENT FOR PRICE—ACTION FOR FRAUD.

One selling goods on the buyer's false representations of solvency may sue for the fraud without vacating the judgment which he has obtained for the price before learning of the fraud.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 29; Dec. Dig. § 34.*]

2. FRAUD (§ 45*)—REMEDY OF SELLER—ELECTION—PLEADING.

The complaint of a seller for fraudulent representations of the buyer as to his solvency, inducing the sale, fairly shows that when plaintiff

brought an action for the price, in which he obtained judgment, he did not know that the representations were false, and so did not make an election of remedies by the allegation that, on the examination of defendant in supplementary proceedings, it was shown that he is, and at the time of the sale was, insolvent.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 40; Dec. Dig. § 45.*]

Appeal from Special Term.

Action by Solomon W. Russell against John S. Wilber. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Judgment reversed, and demurrer overruled.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and BETTS, JJ.

Charles P. Coyle, for appellant.
P. R. Chapman, for respondent.

BETTS, J. The complaint herein alleges: A sale by plaintiff to defendant of a bill of lumber on August 27, 1910, amounting to $946.-61, for which defendant agreed to pay that amount, and that no part thereof has been paid except the sum of $65 in the way of services in drawing and loading the lumber. That, to induce plaintiff to sell to defendant said lumber, the "defendant falsely and fraudulently represented to plaintiff that he was the owner in his own name of several thousand dollars worth of real estate in the city of Troy, and in the town of Tinmouth, Vt.; that it was wholly unincumbered, and was worth a large amount of other property, and was not owing one dollar to any man; that the plaintiff, relying upon these representations of defendant so made by defendant to plaintiff, sold and delivered the said lumber in value of $946.61 to defendant, for which the defendant agreed to pay $946.61; that the said representations so made by defendant were untrue and false." At the time made and at the time of the purchase of the said lumber, the defendant was owing many bills to different parties, and was wholly insolvent, which the defendant well knew, and the defendant did not intend to pay for said bill of lumber at the time of said purchase, and that the defendant made a written statement of his financial condition, similar to as above stated, which statement was false and untrue, and made for the purpose of inducing plaintiff to sell and deliver to the defendant the said lumber upon a credit of 60 days. That plaintiff procured a judgment in this court against said defendant for the purchase price of said lumber. That the same was docketed in the county of Rensselaer. An execution was duly issued to the sheriff of Rensselaer county. That said sheriff returned said execution wholly unsatisfied. That thereafter plaintiff examined said defendant in supplementary proceedings in the city of Troy, N. Y. That in said examination it was shown that defendant is and was insolvent August 27, 1910. That by reason of said false and fraudulent representations the plaintiff has been put to great trouble and expense, to wit, the sum of $75, in putting said claim in judgment, paying the necessary expense in examining said defendant in supplementary proceedings. The complaint demands judgment

against the defendant for $973.75, with interest from the 13th day of April, 1911.

The defendant demurred to the complaint:

"First. Upon the ground that there is another action pending between the same parties for the same cause. Second. Upon the ground that the complaint does not state facts sufficient to constitute a cause of action."

The demurrer came on for argument, and was sustained at Special Term. The court there held that another action is pending between the same parties for the same cause, and that the complaint does not state facts sufficient to constitute a cause of action, and the demurrer was sustained with permission to file and serve an amended complaint upon the payment of costs. From that judgment an appeal is taken to this court.

[1] The question here is in a very narrow compass. It is whether a party who has sold goods upon the strength of false representations of solvency by the purchaser may obtain a judgment against the purchaser for the full amount of his claim, and, after an examination in supplementary proceedings discloses that the defendant is at the time of such examination and was at the time of the purchase and sale insolvent, may then, without discontinuing his first action and without obtaining any moneys upon said judgment, bring an action against the defendant for the false representations which induced such sale; and, if he does do so, is the complaint demurrable? The decisons upon the precise question are not numerous. In Albany Hardware & Iron Company v. Day, 11 App. Div. 230, 42 N. Y. Supp. 971, precisely the same condition of affairs existed so far as the first judgment was concerned. Thereupon the plaintiff brought a second action without discontinuing the first, or satisfying the judgment therein obtained. It asked for damages for fraud and deceit practiced upon it by false representations of the defendant, and in that same action it procured an order of arrest from the county judge of Albany county, which was vacated by an order of the Special Term, and from this order of the Special Term the plaintiff appealed. The Appellate Division reversed the Special Term order, and held that the order of arrest was good, and says:

"At the time the plaintiff recovered the judgment for the purchase price of the goods sold, it had no knowledge of the fraud which defendant had perpetrated upon it."

And hence it had not made any election of remedies, and it holds, further, that the plaintiff could maintain the action for fraud without discharging the judgment which it holds for the purchase price. I think that case decides this case.

[2] While the plaintiff might have inserted a direct allegation in his complaint that at the time that he brought the first action he was not aware of the false and fraudulent representations that had been made to him—that is, that he was not aware that the representations made were false and fraudulent—still I think that the complaint can be fairly construed to state that fact, and that the defendant, in order to show that the plaintiff knew it had two remedies and elected one of them, must by an answer and proof show to the court that the plain-

tiff had such knowledge and did in fact make such election. See, also, E. C. Foundry Co. v. Hersee, 103 N. Y. 25–28, 9 N. E. 487, 489, where the court says:

"The mere bringing of the action for the price of the goods, unless it was brought with knowledge of the fraud, was not a binding election, or a waiver of the right to rescind."

See, also, to the same effect Hays v. Midas, 104 N. Y. 602, 11 N. E. 141.

The judgment on contract has no great terrors for an insolvent man. In no event could the plaintiff have more than one recovery, and on such recovery he could be compelled to satisfy both judgments, and would probably willingly do so without compulsion.

It therefore follows that the interlocutory judgment sustaining the demurrer should be reversed, with costs and disbursements to the appellant to abide the event. All concur, HOUGHTON, J., in memorandum.

HOUGHTON, J. (concurring). While it is better practice to vacate a judgment based upon contract before bringing an action to recover damages for fraud arising out of the same transaction, the existence of such judgment is not necessarily a bar to such action, for the court can see to it that only one satisfaction shall be had.

As I view it, the crucial question in the present case is not whether an action can be maintained while such judgment still exists, but rather whether the plaintiff in his present action to recover damages for fraud has destroyed his allegations by pleading his recovery of a judgment on contract without alleging that he obtained such judgment inadvertently and before he had knowledge of the falsity of the defendant's representations upon which he relied.

With some hesitation I have come to the conclusion that the allegations with respect to the obtaining of such judgment are not fatal, and that giving to the complaint the fair inferences to be drawn from the language used it states a good cause of action. The known falsity of the representations, intent to deceive, belief and reliance of plaintiff thereon are sufficiently set forth. The plaintiff delivered the lumber after the defendant had given to him his written representations as to his financial responsibility. The fair inference from the allegations is that the plaintiff learned of defendant's insolvency for the first time on the examination in supplementary proceedings which were instituted under the judgment which he had obtained. If so, he could not have known that the representations which were made were untrue when he obtained his judgment. There was therefore no binding election to pursue his remedy against the defendant upon contract rather than upon fraud, because, when he brought his action on contract, he had no knowledge that the representations which had been made were false, and therefore no reason to believe that the defendant had perpetrated any fraud upon him.

The facts are all set forth with respect to the damage suffered, and for the reasons stated I think the complaint was not demurrable, and therefore concur in a reversal of the interlocutory judgment which was entered.