(160 App. Div. 125)

### YARTER v. WALCOTT.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

ELECTION OF REMEDIES (§ 7*)—WHAT CONSTITUTES.

    A suit by the seller, in which the purchase price of goods was recovered, was not an "election of remedies," so as to bar a subsequent suit to rescind the contract for fraudulent representations that the buyer was solvent when the sale was made, and offering to cancel the judgment for the purchase price, brought upon subsequently discovering such fraud.

    [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 12; Dec. Dig. § 7.*

    For other definitions, see Words and Phrases, vol. 3, pp. 2336–2339; vol. 8, pp. 7647, 7648.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Washington County.

Action by Charles M. Yarter against Merritt D. Walcott. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Joseph F. Driscoll, of Albany, for appellant.

Rogers & Sawyer, of Hudson Falls (John E. Sawyer, of Hudson Falls, of counsel), for respondent.

WOODWARD, J. The complaint alleges that the defendant, for the purpose of inducing the plaintiff to enter into a contract for the sale of certain merchandise and for the purpose of obtaining said merchandise, represented to the plaintiff that he, the defendant, was then solvent, and had on hand sufficient money to pay for the same; that the plaintiff, relying upon the representations and induced hereby, parted with the merchandise to the defendant; that said statements were false, and were known by the defendant to be false, and that they were made for the purpose of deceiving and defrauding the plaintiff.

Upon the trial the evidence was clearly sufficient to justify the jury in finding in favor of the plaintiff, and we are of the opinion that the fact that the plaintiff had previously secured a judgment against the defendant for the amount of the purchase price did not operate to an election of remedies. The facts in relation to the known insolvency of the defendant did not appear, and they were unknown to the plaintiff until the defendant's examination in a bankruptcy proceeding which followed the entry of the plaintiff's judgment in an action brought upon the original contract. Under such circumstances the plaintiff cannot be said to have elected between remedies. He merely pursued the remedy open to him upon his contract, and when he found that that contract was founded in fraud he turned to his remedy for fraudulent representations, offering to cancel the judgment on contract; and this court is committed to the doctrine that this practice is lawful. Russell v. Wilber, 150 App. Div. 52, 134 N. Y. Supp. 463.

The judgment and order appealed from should be affirmed, with costs.