THE BANK OF BELOIT, Respondent, *v.* GEORGE W. BEALE *et al.*, Appellants.

| 34 | 473 |
| 113 | 458 |
| 34 | 473 |
| 121 | 170 |

Where a vendor, who has been defrauded in the sale of his goods, proceeds to judgment against the vendee upon the contract of sale, after being fully apprised of the fraud, his election is determined, and he cannot afterward follow the goods, or the proceeds thereof, into the hands of third persons, on the ground of fraud.

Where a principal, with full knowledge of a fraud, perpetrated by his agent in the disposition of property purchased with his money, elects to prosecute to judgment for the money so misappropriated, he affirms the acts of his agent, and cannot afterward pursue the property, which he had elected to treat as that of his agent.

*J. C. Carter*, for the appellants.

*Ed. P. Clark*, for the respondent.

DAVIES, Ch. J.   The plaintiff consigned to the defendants for sale a quantity of wool, which they sold at different times and for different prices.   The last sale was made on the 11th of September, 1858.   That the gross amount received was $7,375.36.   This appeared from account of sales rendered by the defendants to the plaintiff.

The defendants set up as a defense that one B. A. Sweet was the owner of said wool, and that the same was in the possession of one Marcel B. Sherwood, in the State of Wisconsin, as the agent of said Sweet, and that said Sherwood held said wool in his possession as such agent, for the purpose of preparing the same for transportation, and causing it to be transported to said Sweet in the city of Albany.   That said Sherwood wrongfully and fraudulently, and for the purpose of deceiving and defrauding the said Sweet, and of converting the said wool to his own use, delivered the said wool to the said plaintiff; and that thereupon the plaintiff consigned the said wool to the defendants in the city of New York.   That the defendants not being aware of the facts, and not knowing who the true owner of said wool was, and supposing that the said plaintiff was the owner of the same,

received the said wool from the said plaintiff in pursuance of the consignment aforesaid. That afterward, and before the said defendants had sold the whole of the said wool, and before the making of the demand mentioned in the complaint, the said Sweet informed the defendants that the said wool was his property, and that he was entitled to the possession thereof, and directed the said defendants not to deliver the same or the proceeds thereof to the said plaintiff, but to deliver the said proceeds to him, the said Sweet, as he had good right to do.

The defendants, therefore, the consignees of the plaintiff, set up title to the proceeds of the sale of the goods consigned, in a third person, and claimed this to be a good defense for not paying over to the plaintiff the balance in their hands of the proceeds of said consignment. The plaintiff, to rebut this defense, produced in evidence the record of a judgment in the Supreme Court of this State, wherein the said Sweet was plaintiff, and said Sherwood was defendant, wherein said Sweet claimed to recover the moneys advanced by him to said Sherwood, for the purpose of purchasing said wool, and said Sweet alleged the said Sherwood had received said moneys for the purpose of purchasing wool therewith; that he had purchased the same, and refused to deliver to him either the said wool or the said moneys so advanced, whereupon the plaintiff demanded judgment for the balance of said moneys so due to him. He had judgment accordingly and an execution against the person of said Sherwood, by virtue whereof he was arrested and imprisoned, and at the time of the trial of this action, was in the custody of the sheriff of the county of Saratoga, upon the *ca. sa.* issued on said judgment. The learned chief-justice of the New York Superior Court, before whom this action was tried, decided that the facts then proven were a bar to the defense set up in the answer, and precluded the defendants from proving such defense, and that no evidence could be offered under it. To which decision and opinion the counsel for the defendants duly excepted. Under the direction of the court, the jury rendered a verdict for the balance to the plaintiff, and judgment thereon was

affirmed at General Term, and the defendants now appeal to this court.

Sweet, with a full knowledge of the fraud perpetrated by Sherwood in the disposition of the wool purchased with his funds, elected to prosecute Sherwood for the moneys so misappropriated, instead of following the property, claimed by reason of the fraudulent acts of Sherwood to belong to Sweet. He affirmed the acts of Sherwood, and sought to recover from him the moneys thus improperly used by Sherwood. In other words, he affirmed the contract of sale made by his agent, and sought to recover from him the moneys received on the sale. It is too late now to change his ground and to pursue the property, which he elected to regard and consider that of Sherwood. This principle is emphatically announced in *Lloyd* v. *Brewster* (4 Paige, 537), where it was held that if a vendor who has been defrauded in the sale of his goods proceeds to judgment against the vendee, upon the contract of sale, after he is apprised of the fraud, his election is determined; and he cannot afterward follow the goods, or the proceeds thereof, into the hands of a third person on the ground of fraud.

The doctrine of this case seems to me quite decisive of the present one, and I am for affirming the judgment, with costs.

LEONARD, J. This action is brought by the plaintiffs to recover the proceeds of a quantity of wool consigned by them to the defendants for sale on commission.

The defendants allege, as a defense, that the wool belonged to Benjamin A. Sweet, having been purchased for him by Marcel W. Sherwood with the money of Sweet, and as his agent, and that the plaintiffs had notice of these facts before the wool was delivered to them.

It appeared in evidence, that before the commencement of this action Sweet brought his action in the Supreme Court against Sherwood, to recover the money placed in his hands, as the agent of Sweet, for the purchase of wool.

It further appeared that Sherwood had been taken in execution against his body, and, at the time of the trial in this

action, was in the actual custody of the sheriff of Saratoga county, by virtue of such execution.

The defendants offered evidence to prove the superior title of Sweet to the proceeds of the wool, on the ground that it had been purchased with his money by his agent, and that the plaintiffs knew these facts before the wool was delivered to them. These are substantially the facts alleged in the second and third defenses set up in the answer, the truth of which the defendants offered to prove.

The Supreme Court rejected the evidence, for the reason that the recovery against Sherwood for the money advanced, and the charging him in execution, was a satisfaction of the demand of Sweet, and precluded any recovery of the wool or its proceeds.

The bank had judgment at the trial, which was affirmed by the General Term on appeal.

The defendants were the factors of the plaintiff for the sale of this wool, and no attempt having been made on the part of Sweet to vindicate or assert his claim as against either party to this action, the defendants appear to be mere volunteers in setting up the claims of a third party with whom they have no relations in respect to the subject of the action.

It is quite clear that if Sweet could not, in an action by him against the bank, introduce the evidence proposed, that it would be immaterial in the present case.

The complaint in the action of Sweet against Sherwood alleges that Sweet furnished Sherwood money to purchase wool for him; that Sherwood purchased it in his own name, and sold it to other parties; that Sherwood has refused to deliver the wool to Sweet, or to render an account, or to return the money; that Sweet has demanded the money, and also an account, and has demanded the wool, but has been unable to obtain either. Judgment is then demanded for the amount of money in Sherwood's hands, with interest and costs.

These allegations constitute a complaint to recover for money received by Sherwood from Sweet in a fiduciary capacity.

The cause of action is one for which Sherwood was liable to be arrested and imprisoned, under the provisions of section 179 of the Code. There is nothing from the allegations of the complaint to show that the Bank of Beloit and Sherwood were joint trespassers.

It is simply an action to recover from Sherwood money received, with such further averments in the complaint as are necessary to establish a cause of action which will subject the defendant, Sherwood, to an imprisonment upon execution against his body.

Nor was there any claim of title to the wool in the complaint of Sweet.

Upon the facts stated in the answer of these defendants in this action, Sweet had an election of remedies. But by the recovery of the judgment in the action against Sherwood, Sweet affirmed the title to the wool in the parties to whom Sherwood had sold it. An action against the purchasers from Sherwood to recover the wool, would be inconsistent with the former action of Sweet against Sherwood. The one was a claim for money advanced; the other for the article in which the money was actually invested.

Sweet had his election to bring his action against Sherwood for the wool purchased by him with the money of Sweet, or for the money advanced, disregarding the claim for the wool. He chose the latter, and cannot, after a recovery for the money, maintain an action for the wool. (*Morris* v. *Rexford*, 18 N. Y., 552, 557, and cases there cited.) The same may be said of an action against the bank or these defendants for the proceeds of the wool.

The evidence offered could not prevail as a defense against the operation of the judgment which had been recovered by Sweet for his money.

There is also another reason for the exclusion of the evidence offered by the defendants. The imprisonment of Sherwood on final process, while it continued, operated as a satisfaction of the demand of Sweet, and a bar to any action by him against the bank, or against these defendants, for the wool or its proceeds. And this would be true even if the

action against Sherwood had been for the recovery of the wool, or its value as upon a conversion by him. (*Chapman* v. *Hatt*, 11 Wend., 41; *Cooper* v. *Bigelow*, 1 Cow., 56; *Osterhout* v. *Roberts*, 8 id., 43; *Sunderland* v. *Loder*, 5 Wend., 58.) The evidence was of no avail to the defendants, and was properly excluded.

No objection was taken to the proof of the imprisonment, as a fact occurring after the present action was brought, and none was urged at the argument. It is not, therefore, necessary to further advert to that fact.

The evidence offered might well have been excluded, upon the ground that the defendants ought not to be heard to dispute the title of their consignors, where the third party has taken no action to assert his right, if any he has, to the money in their hands. Sweet had served upon defendants a notice merely that he claimed the money. He had not commenced any action, and it does not appear that he ever would have done so.

The defendants could have interposed the rights of these plaintiffs as a defense to an action by Sweet with some grace, but the present defense comes in very badly as against their immediate consignor.

A notice to Sweet that they had the money, and must pay it to their consignor unless he impleaded them by a reasonable day to be named, would have afforded the defendants a sufficient defense to any claim that Sweet could bring, if he neglected to bring his action immediately.

The defenses are insufficiently pleaded. The offer was to prove the second and third defenses; and if these were insufficient to constitute a defense, the offer was properly rejected.

The averment to subject the plaintiffs to the supposed equity in favor of Sweet is, that they had notice that the wool was purchased by the agent with the money of Sweet *before the delivery* of the wool to them.

These facts are not sufficient to enjoin the plaintiffs from receiving the money in the hands of the defendants from the sale of the wool, even if Sweet had commenced an action

therefor against them.  Much less does it authorize a factor to resist the payment of the money received for his consignor.  The averment should have been that the plaintiffs had not paid anything for the wool, or that, if they had in fact paid for it, they knew, before payment, of the rights of Mr. Sweet.  Knowledge before *delivery*, only, might have been too late to save the payment of the price, which often precedes the delivery.

The judgment should be affirmed. with costs.

All the judges concurring,

Judgment affirmed.