ADNA BOWEN, APPELLANT, *v.* WILLIAM F. MANDEVILLE, RESPONDENT.

*Election of remedies — when two remedies are not inconsistent.*

The defendant sold to the plaintiff a bond and mortgage, payable in installments, and guaranteed the payment thereof. The plaintiff sued the defendant on his guaranty for each of the first two installments of interest as they matured, and obtained judgment in each action, but could collect no portion thereof. At the time of commencing the second action he brought this one to recover damages for fraud, alleging that the securities were worthless and claiming to recover their full amount.

*Held,* that the remedies which the plaintiff sought to pursue were not inconsistent, and that the bringing of the former action did not prevent the prosecution of this one.

APPEAL from an order of the Monroe Special Term denying a motion, made on a case and exceptions, to set aside a nonsuit and for a new trial.

*H. D. Tucker,* for the appellant.

*Edward Webster,* for the respondent.

SMITH, P. J.:

The action is to recover damages for an alleged fraud on the sale and guaranty of payment of a bond and mortgage by defendant to the plaintiff.

The bond was payable in instalments, having several years to run, with interest annually. The plaintiff sued the defendant on his guaranty for each of the first two instalments of interest as they matured and obtained judgment on each, but no part of the same has been collected. At the time of commencing the last of those suits he commenced this action also for fraud, alleging that the securities were worthless and claiming to recover their full amount as damages. The trial judge ordered a nonsuit upon the ground that the action is barred by the recoveries in the suits upon the guaranty. That ruling presents the only question in the case.

We think the learned judge fell into an error by treating the two remedies pursued by the plaintiff as inconsistent. Assuming that the transaction was fraudulent on the part of the defendant, three remedies were open to the plaintiff: (1) to rescind the contract, treating it as void by reason of the fraud; (2) to enforce the securities as they became due; or, (3) to sue for damages by reason of the fraud. A resort to either of the last two remedies would have been an affirmance of the contract, and consequently a bar to the remedy first suggested, because he could not rescind the contract after having elected to affirm it. Such a course would be inconsistent. Remedies are inconsistent which rest upon hostile and irreconcilable claims in respect to the same subject-matter. But what is there in the nature of the last two remedies to prevent the plaintiff from resorting to both of them? If it be said that he would thus be allowed a double recovery for the same thing, the answer is, that he can have but one satisfaction. The case, as we regard it, is the ordinary one of collateral and concurrent remedies, either of which may be resorted to without barring the other. They do not bar each other, because, one being founded on contract and the other in tort, they are not identical; and each being in affirmance of the contract, they are not inconsistent. If it had appeared that the plaintiff's judgments in the actions upon the guaranty had been actually satisfied in whole or in part, such satisfaction might have been set up in mitigation of damages in the present action, but we fail to see that the plaintiff has lost his cause of action for the fraud by his ineffectual effort to collect his debt upon the guaranty.

These views are supported by the following authorities, among

others that might be cited : *Allaire* v. *Whitney* (1 Hill, 484; S. C., 1 Comst., 305 ) ; *Drake* v. *Mitchell* (3 East, 258) ; *Chipman* v. *Martin* (13 Johns., 241). The cases relied on at Special Term, or now cited by the respondent's counsel, are all cases where an attempt was made to pursue remedies which were inconsistent, within the definition above laid down. They are : *Lloyd* v. *Brewster* (4 Paige, 537) ; *Bank of Beloit* v. *Beale* (34 N. Y., 473) ; *Morris* v. *Rexford* (18 N. Y., 552) ; *Rodermund* v. *Clark* (46 N. Y., 354) ; *Field* v. *Bland* (59 How. Pr. R., 85) ; *Sanger* v. *Wood* (3 Johns., Ch. R., 416).

The order appealed from should be reversed, and a new trial ordered, the costs to abide event.

HARDIN and BARKER, JJ., concurred.

Order appealed from reversed and new trial ordered, costs to abide event.