FRANCIS E. TERRY AND JAMES M. GOODWIN, APPEL-LANTS, v. GEORGE A. MUNGER, RESPONDENT.

*Election of remedies — when made with full knowledge of facts, is final — under an answer containing a general denial, in an action of conversion, any fact (such as the election of another remedy) tending to prove there was no conversion is admissible.*

In an action, brought to recover damages for the wrongful taking and conversion of a quantity of machinery, it appeared that after the dissolution of a firm, consisting of the plaintiffs and one Kipp, and the division of its property among its members, that Kipp, one P. W. Munger, the father of the defendant, and the defendant, with a number of other persons, entered upon premises formerly owned by the firm, took the machinery from the mill and loaded it upon cars, and subsequently had it transported to another State where Kipp had purchased premises upon which he intended to construct a mill; that the plaintiffs were present at the time the machinery was taken out of the mill and forbade the same until an amount which was owing to the plaintiffs by Kipp was paid; a deed conveying to Kipp the premises upon which the mill stood having been delivered

to a third person, to be retained by him until the amount of such indebtedness should he ascertained and paid.

Upon the trial of this action the defendant was allowed, under an answer containing a general denial, to introduce in evidence a judgment for $2,616.18 recovered in an action, in nature *ex contractu*, brought by the plaintiffs against Kipp and P. W. Munger to recover the value of the machinery so taken away, for which the plaintiffs also sought to recover of the defendant in this action.

*Held*, that as the complaint charged a conversion, and the defendant could, under his answer, show any facts tending to show that there was no conversion, the judgment in the former action was competent evidence for the purpose of disproving the allegation of the complaint in the present action, that there was a conversion.

That the former action, brought upon contract against two of the persons concerned in the taking of the property and carried through to final judgment, was such an election of remedies as to preclude the plaintiffs from maintaining an action for conversion against the defendant.

*Boots* v. *Ferguson* (46 Hun, 129); *Bank of Beloit* v. *Beale* (34 N. Y., 473) followed.

Whenever the remedies are inconsistent, and an election is made as to the remedy, and the remedy adopted is prosecuted to final judgment, with full knowledge of the facts, it is decisive as to the rights of the party making the election.

APPEAL from a judgment entered upon a verdict in favor of the defendant, directed by the court at the Genesee Circuit, November 9, 1886.

*J. M. Dunning*, for the appellants.

*George Bowen*, for the respondent.

HAIGHT, J. :

This action was brought to recover damages for the wrongful taking and conversion of a quantity of machinery. It appears, from the plaintiffs' evidence, that the plaintiffs and one Henry D. Kipp were copartners, engaged in the manufacture of staves and lumber; and for that purpose had owned real estate upon which was erected a mill, containing a boiler, engine, planers and other machinery suitable for the business; that in July, 1874, the copartnership was dissolved and a division of the property agreed upon; that under the agreement the lot on which the mill was located was to become the property of Kipp, and a deed conveying it to him was executed by the other members of the firm. The evidence further tends to show that Kipp was owing the plaintiffs a sum of money, the amount of which had not been determined,

and the deed of the mill property was delivered to a third person, to be retained by him until the amount of such indebtedness should be ascertained and paid; that about the tenth of October, thereafter Kipp and one P. W. Munger, the father of the defendant, and the defendant, with a number of other persons, entered upon the premises, took the machinery from the mill, loaded it upon cars, and it was subsequently transported to the State of North Carolina, where Kipp had purchased premises, upon which he intended to construct a mill; that the plaintiffs were present at the time the machinery was taken out of the mill, and forbade the same until the amount owing by Kipp was paid. After such removal, the plaintiffs brought an action against Kipp and P. W. Munger in nature *ex contractu* to recover the value of the machinery so taken away. That action was brought to trial and resulted in a verdict in favor of the plaintiffs for $2,616.18, upon which judgment was entered June 24, 1876.

Upon the trial of this action the defendant introduced in evidence the judgment-roll in the former action, and, after the evidence was closed, requested the court to direct a verdict in his favor upon the ground that it appeared from the record that the plaintiffs elected to bring an action against Henry D. Kipp and P. W. Munger, in form *ex contractu*, for the recovery of the value of the same property for which the plaintiffs seek to recover of the defendant in this action; and that by doing so had waived the right to bring an action against any of the participants in tort. The trial court granted the motion, and so directed the jury to find, and the jury thereupon rendered their verdict for the defendant.

It is contended, in the first place, that the former action was not an action *ex contractu*. But this question has been disposed of, so far as this court is concerned, in the review of that case, in which the Court of Appeals held that the complaint showed an intent to waive any alleged tort, and that the action was one in its nature *ex contractu*; and that, therefore, a body execution was illegally issued. (*Goodwin* v. *Griffis*, 88 N. Y., 629.) It is contended, in the second place, that the judgment-roll was improperly admitted in evidence, that it was not competent under the answer. The answer contained a general denial, and the question is, therefore, presented as to whether it was competent evidence under such

denial. The complaint charged a conversion; the defendant, under his answer could show any facts tending to show that there was no conversion. If the plaintiffs had made statements to other persons, to the effect that the machinery had been sold and not converted, such statements would be competent evidence; and if, in an action which they have brought, they had alleged a sale instead of a conversion, the judgment-roll in that action would be competent evidence for the purpose of disproving the allegation of the complaint in this action, that there was a conversion. (*Krekeler* v. *Ritter*, 62 N. Y., 372.)

We are thus brought to consider the serious question in the case, and that is, whether the former action, brought upon contract against two of the persons concerned in the taking of the property, and carried through to final judgment, is such an election of remedies as to preclude the plaintiffs from maintaining an action for conversion against other persons concerned in taking the same property. No question is made but that, as to Kipp and P. W. Munger, the defendants in the former action, the election was complete, and trover or conversion cannot now be maintained against them or their privies; but it is contended that the defendant in this action, not being a party to the other action, cannot now avail himself of the election made as to those persons, and thus exonerate himself from liability as a joint tort feasor.

In the case of *Boots* v. *Ferguson* (46 Hun, 129) we have recently held that an action brought to recover the contract-price for a bridge constructed under a written contract, and prosecuting the same to judgment, after knowledge of the fact that the commissioners of highways had taken down the bridge and carried away the lumber and timber of which it was composed, was an election of remedies, and that an action for conversion could not thereafter be maintained; that the plaintiff could only avail himself of one of the two remedies, one being inconsistent with the other. The rule, as we have stated it, is that, "where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers and adopts." We, perhaps, should state that in order to bring a case within this rule, the election should be made after knowledge of all the facts, and the remedy selected prosecuted to final judgment. (See authorities there cited.)

In the case of the *Bank of Beloit* v. *Beale* (34 N. Y., 473), it was held that where a vendor, who has been defrauded in the sale of his goods, proceeds to judgment against the vendee upon the contract of sale after being fully apprised of the fraud, his election is determined, and he can not afterwards follow the goods or the proceeds thereof in the hands of third persons on the ground of fraud. But it is contended that the doctrine of election of remedies rests upon estoppel by matters *in pais*. We do not purpose to question the claim that a party or his privy only can avail himself of an estoppel by matters *in pais;* for an estoppel by reason of such matters arises from the acts and declarations of a person by which he designedly induces another to alter his position injuriously to himself, and consequently such person, or his privy, may avail himself of the estoppel and not a stranger, but estoppel by matter *in pais* is not the only estoppel known to the law, for a preclusion in law which prevents a man from alleging or denying a fact in consequence of his own previous act, election or denial of a contrary tenor, is also an estoppel. As, for instance, public policy and good morals will not permit a man to come into court and obtain a judgment upon testimony showing that he has sold goods to another, and then in another action to come into court and show that the goods were not sold but were wrongfully taken from him without his consent. Whenever the remedies are inconsistent and an election is made as to the remedy, and prosecuted to judgment, with full knowledge of the facts, it is final as to the party making it.

In the case under consideration the plaintiffs had full knowledge, for they were present at the time the defendant, his father and Kipp were engaged in taking the machinery from the mill and putting it on the cars. It was one transaction in which they were engaged. There was but one taking of the same property. If the plaintiffs should be permitted to recover in this action, then they would have a judgment against the defendant for a conversion of the property, and at the same time have a judgment against Kipp and P. W. Munger for the value of the property upon a contract for sale. They would thus be permitted to pursue both remedies when one is inconsistent with the other. In case of a separate judgment, based upon a tort against several joint tort feasors, a satisfaction of one is a satisfaction as to the others. (*Lovejoy* v. *Murray*, 3 Wall., 1.)

But the satisfaction of a judgment, obtained for the purchase-price of goods sold, will not operate to satisfy a judgment for conversion, for the reason that there cannot be both a sale and a conversion of the same goods in the same transaction. The purchasers could not be joint tort feasors. We consequently are of the opinion that the trial court was correct and that the judgment should be affirmed.

BRADLEY and DWIGHT, JJ., concurred; BARKER, P. J., not sitting.

Judgment affirmed.