ROCHESTER DISTILLING COMPANY, Respondent, *v.* MARY M. DEVENDORF, Appellant.[*]

*Res adjudicata — election of remedies — knowledge of the facts essential to — recovery of possession of goods sold, upon the discovery of fraud in the purchase, after obtaining a judgment for the price.*

The doctrine of *res adjudicata* does not apply to a judgment recovered for the price of goods sold, so as to prevent the plaintiff's rescinding the contract of sale on the ground of fraud, where the election so to rescind is exercised immediately upon discovery of the fraud.

Where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers and adopts after knowledge of all the facts.

The bringing of an action by a vendor against the vendee for the price of goods sold, and the recovery of a judgment, without knowledge of fraud in the purchase, do not constitute an election which will prevent the vendor from rescinding the contract of sale on the ground of fraud, as soon as the fraud is discovered, and thereupon bringing an action to recover possession of the goods.

The vendor of goods sued the vendee for the price thereof and recovered judgment, and in proceedings supplementary to execution upon the judgment discovered that the vendee was insolvent, the vendor thereupon claimed to disaffirm the sale, on the ground that at the time thereof the vendee falsely represented that he was solvent and able to pay for the goods, and brought an action of replevin to recover possession of the goods against the vendee's wife, to whom the latter had transferred the same without present consideration. Subsequently the judgment recovered for the price of the goods was discharged and the proceedings supplementary to execution were dismissed.

*Held*, on appeal from a judgment recovered by the plaintiff in the replevin action, that the prosecution of the action for the price of the goods was not an election of remedies unless such action was prosecuted to judgment with knowledge of

the fraud ; that the jury having found in favor of the plaintiff on that question, the action of replevin, brought immediately on the discovery of the fraud, was maintainable.

That the satisfaction of the judgment for the price of the goods doubtless raised a presumption of payment, but that presumption was removed by the testimony of the judgment debtor, that the plaintiff's claim had not been paid;

That the wife of the vendee, the defendant in the replevin suit, was not protected by her purchase of the goods from her husband, as she paid nothing therefor, the purchase price having been credited upon an antecedent indebtedness.

APPEAL by the defendant, Mary M. Devendorf, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Monroe county on the 9th day of February, 1893, upon a verdict rendered at the Monroe Circuit, with notice of an intention to bring up for review on such appeal an order made at the Monroe Special Term and entered in the office of the clerk of Monroe county on the 16th day of February, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Walter Welch,* for the appellant.

*George D. Reed,* for the respondent.

HAIGHT, J. :

This action is in replevin to recover the possession of personal property. The defense is that the goods replevined were sold by the plaintiff to Stewart L. Devendorf, the husband of the defendant ; that subsequently the plaintiff brought an action against him in the Supreme Court and recovered judgment for the purchase price thereof ; that the defendant is the owner of the goods, and that she purchased them of her husband in good faith for a valuable consideration. The action was prosecuted upon the theory that Devendorf, at the time he purchased the goods, falsely represented to the plaintiff that he was solvent and able to pay therefor ; that as soon as it was discovered that his representations were false the plaintiff elected to disaffirm the sale and to pursue the property, and the evidence amply sustains the verdict in this regard. It is contended, however, that the plaintiff cannot disaffirm after judgment ; that by bringing the action and proceeding therein to judgment it elected its remedy, and the judgment becomes a bar to this action. The rule doubtless is that when a matter in controversy between parties has been submit-

ted to a competent judicial tribunal, its decision thereon is final between the parties until it has been reversed, set aside or vacated; and the rule of *res adjudicata* applies not only to the judgments of courts, but to all judicial determinations, whether made by courts in ordinary actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination. It applies not only to judgments rendered after a litigation of the matter in controversy, but to judgments rendered upon default or confession. (*Brown* v. *Mayor*, 66 N. Y. 385–390.)

But this rule does not interfere with the right of a party to rescind a contract for fraud, where the election so to rescind is exercised immediately upon the discovery thereof. (*Strong* v. *Strong*, 102 N. Y. 69.)

The plaintiff did bring an action against Stewart L. Devendorf upon the sale, and recovered a judgment for the value of the goods sold. It is claimed, however, that this was done without knowledge of the fraud. The plaintiff did have notice of the transfer of the property by Devendorf to his wife before bringing that action, and the trial court submitted to the jury the question as to whether it had knowledge of the insolvency of Devendorf at the time the purchase was made. The jury found in favor of the plaintiff on this question. The plaintiff claims that its first information was derived through an examination of Devendorf in supplementary proceedings, and that immediately thereafter it elected to disaffirm the sale and demanded of the defendant the return of the goods, and upon her refusal to so do this action was brought; subsequently the judgment was discharged and the proceedings pending supplementary to the execution were dismissed.

The rule as stated by us in *Terry* v. *Munger* (49 Hun, 560–563), is that, where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers and adopts after knowledge of all of the facts. Applying this rule to the case under consideration, the prosecution of the action against Devendorf was not an election of remedies unless such action was prosecuted to judgment with knowledge of the fraud. This precise question appears to have been considered in the case of *Kraus* v. *Thompson* (30 Minn. 64), and the conclusion reached in that case seems to be in accordance with the spirit of our own cases. (*Terry*

v. *Munger,* 121 N. Y. 161; *Crossman* v. *The Universal Rubber Co.,* 127 id. 34; *Morris* v. *Rexford,* 18 id. 552; *Moller* v. *Tuska,* 87 id. 166; *Powers* v. *Benedict,* 88 id. 605; *Lloyd* v. *Brewster,* 4 Paige Ch. 537.)

The satisfaction of the judgment doubtless raises a presumption of payment, but that presumption is removed by the testimony of Devendorf, in which he states that the plaintiff's claim has not been paid.

The defendant purchased the goods from her husband, but paid nothing therefor. The purchase price was credited upon an antecedent indebtedness. She is not, therefore, protected. (*Stevens* v. *Brennan,* 79 N. Y. 254; *Taft* v. *Chapman,* 50 id. 445-448; *Weaver* v. *Barden,* 49 id. 286-294.)

The judgment and order should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred; BRADLEY, J., not sitting.

The judgment and order appealed from affirmed.