FRED F. REMMEL, Respondent, *v.* MARTHA L. TOWNSEND, Appellant.

83h 353
48ad298
83h    353
39 Mis² 423

*Action by a creditor against an agent — an estoppel in favor of the principal only when done with knowledge of the latter's liability.*

If a creditor, after discovery of the principal, elects to hold the agent who purchased goods from him without disclosing his agency, he is bound by the election and cannot thereafter pursue the principal.

The act of electing between two remedies presupposes such knowledge on the part of the one performing the act that he has an opportunity of choosing which of two or more courses he will pursue; and if he understands that there is but one course that he can take, he cannot be said to have made a choice by taking such course.

Where a person brings an action against a husband for goods sold and delivered, under the supposition that his claim exists against him only, the judgment

recovered in such action will not bar a subsequent action brought by such creditor against the wife, where the creditor has, in the meantime, discovered that the husband acted as his wife's agent in the purchase of the goods, to recover the value of which the original action was brought.

Appeal by the defendant, Martha L. Townsend, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 9th day of July, 1894, upon the decision of the court affirming the judgment of the Municipal Court of the city of Rochester.

The plaintiff, a retail dealer.in groceries, brought this action to recover an unpaid balance for goods sold and delivered to the defendant's husband. The goods were charged to the husband, and, not being paid for, an action was brought against him and prosecuted to judgment in the Municipal Court of the city of Rochester. Execution was issued upon the judgment and returned unsatisfied. The defendant and her husband were examined in proceedings supplementary to execution upon said judgment. They testified that the defendant's husband, in purchasing the goods, acted as agent for the defendant, which fact was not disclosed to the plaintiff at the time the purchase was made. The plaintiff testified upon the trial of this action that the first he knew that the defendant was the real principal, and not her husband, was upon such examination. The judgment against the husband was pleaded in bar of this action.

*F. A. Mann*, for the appellant.

*H. B. Hallock*, for the respondent.

Lewis, J.:

It is a well-settled rule of law that if a creditor, after the discovery of the principal, elect to hold the agent who purchased goods without disclosing his agency, he is bound by the election and cannot pursue the principal.

It is the contention of the appellant that the same rule applies if the creditor prosecutes the agent to judgment in ignorance that he purchased as an agent, upon the theory that he having once elected to sue the agent he is estopped from pursuing the principal. It is difficult to see upon what theory a creditor can be said to have made an election in such a case, when he was not aware that there was an opportunity to make a choice. In the case at bar the plaintiff sup-

posed when he brought the action against the husband that his claim was against him only; there was, so far as he then knew, but one thing for him to do, and that was, to bring his action against the person who he then supposed and understood purchased the goods as principal. Had he known the true situation he would then have been in a position to have made a choice. The act of electing between two remedies presupposes such knowledge on the part of the one performing the act that he has an opportunity of choosing between two or more courses to pursue. If he understands there is but one thing for him to obtain, or but one course that he can take, he cannot be said to have made a choice. The like rule regarding the selection of remedies obtains where the vendor has been induced to part with his property by the fraud of the vendee. He is, in such a case, at liberty to waive the fraud and affirm the contract and sue for the value of the goods sold or replevy the goods. If, with full knowledge of all the facts, he pursues the first course, he is thereafter estopped from disaffirming the contract and pursuing the goods. If the prosecution of an action for the value of the goods to judgment in such a case, in ignorance of the fraud, does not estop the creditor from maintaining an action to recover the possession of the goods upon discovery of the fraud, there is no reason apparent why he should be estopped under the circumstances of this case.

In the case of *The Rochester Distilling Co.* v. *Devendorf* (72 Hun, 428) the plaintiff had sold a bill of goods to the defendant's husband. An action was brought against the husband and a judgment recovered for the purchase price of the goods. Upon examination in proceedings supplementary to execution, the plaintiff learned for the first time that the goods were fraudulently purchased by Devendorf, and that Devendorf had, after purchasing the goods, transferred them to his wife, the defendant in the action, without any consideration being paid therefor, and thereupon he commenced an action in replevin for the goods, making the wife the defendant. The judgment against the husband was pleaded in bar of the action. We held that the creditor was at liberty, notwithstanding the judgment, to prosecute the action for the recovery of the property, for the reason that he prosecuted the former action in ignorance of the fraud. If the judgment there was not a bar why should it be in this case? A distinction is sought to be made between the two

cases by the appellant's counsel; he suggests that a claim arising upon a contract for the purchase price of goods sold and one arising out of fraud in the purchase of goods are of a very different nature. While that is so, it does not occur to us that it has any bearing upon the question here. If the vendor, with knowledge of the fraudulent sale of goods, elects to waive the fraud and affirm the sale, and brings an action for the purchase price of the goods, the judgment would be a bar to an action to recover possession of the property. He cannot thereafter elect to disaffirm the sale. It is an election he made with knowledge of the facts which estops him, and so, if after sale of goods to an agent for an undisclosed principal, the creditor, with knowledge of the facts, elects to proceed against the agent, he is bound by his election. It is the election, with knowledge of the facts, that estops him in both cases.

The appellant relies upon the case of *Priestly* v. *Fernie* (3 Hurl. & C. 977). There an action had been prosecuted to judgment against the master of a vessel for supplies, and thereafter an action was brought against the owner for the same account. It was held by BRAMWELL, B., that the former judgment was a bar to the action. The action in that case was against the defendant as master of the vessel acting for its owner. It does not appear from the opinion whether, at the time of furnishing the supplies, the creditor was informed as to who owned the vessel, but the supplies having been purchased by the master as such, the presumption was that he was acting for an owner and not as the owner.

There will be found in the text books and in the opinions of the courts statements which would seem to sustain the appellant's contention, but, we think, upon examination, it will be found that the current of authority in this country and in England is not in conflict with our conclusions. In most of·the cases to which our attention is called, the election to sue was made with full knowledge of the facts; in other cases it does not appear whether the election was made or not in ignorance of all facts.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court of Monroe county appealed from affirmed.