# Cases

ALBANY HARDWARE AND IRON COMPANY, Appellant, *v.* GEORGE H. DAY, Respondent.

*False representations — a judgment for the price of goods — not a bar to a second action for the fraud.*

Where a vendor, having no knowledge of fraudulent representations, by which he was induced to make a sale of goods to the vendee, sues for the price of the goods and recovers an uncollectible judgment, that action cannot be deemed an election of remedies by the vendor, which will bar a subsequent action by him to recover damages for the fraud.

It is not necessary to the maintenance of the second action that the vendor should first have discharged his judgment for the purchase price, since he may, upon the trial or whenever the damages are assessed in such second action, tender a discharge of the judgment in the first action — in fact, if no such tender should be made, he would not be allowed to collect both judgments.

APPEAL by the plaintiff, the Albany Hardware and Iron Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 8th day of January, 1896, vacating an order of arrest.

The plaintiff sold goods to the defendant upon credit. Such sale was induced by representations made by the defendant to the agent of the plaintiff, to the effect that he was solvent, was worth $1,800, and that his liabilities did not exceed $100. When the purchase price became due the defendant defaulted in its payment, and the plaintiff thereupon brought an action for the same, recovered a judgment by default and issued execution thereon. Such execution was

returned wholly unsatisfied. By supplementary proceedings instituted thereon the plaintiff discovered that the representations by which it had been induced to make the sale were utterly false and fraudulent. It thereupon brought this action to recover damages for the fraud and deceit so practiced upon it. It procured an order of arrest against defendant from the county judge of Albany county, which was vacated by an order of the Special Term. From such latter order this appeal is taken.

*A. Page Smith*, for the appellant.

*Henry A. Peckham*, for the respondent.

PARKER, P. J.:

At the time the plaintiff recovered the judgment for the purchase price of the goods sold it had no knowledge of the fraud which defendant had perpetrated upon it. That action on its part cannot, therefore, be deemed an election of remedies, so as to bar its maintaining an action to recover damages for that fraud. (*Rochester Distilling Co.* v. *Devendorf*, 72 Hun, 428; *Equitable Co-Operative Foundry Co.* v. *Hersee*, 103 N. Y. 25; *Hays* v. *Midas*, 104 id. 602.)

The other question presented is whether plaintiff can maintain an action for the fraud without first discharging the judgment which it still holds for the purchase price.

If the plaintiff were seeking to repossess itself of the goods, it would have to disaffirm the contract of sale on the ground of the fraud and restore all that had been received under it in order to obtain such relief. Thus, if, at the time of the sale, part of the purchase price had been paid and credit had been given for the balance only, the plaintiff could not recover the goods without restoring the amount so paid. Nor could it reasonably hold a judgment for that purchase price and also retake possession of the goods.

But the relief which it asks in this action is not at all inconsistent with its affirmance of the contract. It is to recover the damages which have been sustained, by reason of its relying on certain false and fraudulent statements of defendant, to the effect that he was the owner of certain property and owed no debts — statements which, if true, showed him to be solvent, and authorized plaintiff to believe that if the defendant defaulted in payment of such purchase

price it could be recovered from him by the very process of judgment and execution which the plaintiff has already taken. The subject-matter of the fraud was the ability of the defendant to pay such an execution.

If the plaintiff in this action should aver the sale of the goods, the representations of solvency which induced it, that upon default in paying for them it had recovered judgment and issued execution, which was returned wholly unsatisfied, and that thereupon it discovered that such representations were false and fraudulently made, and then ask for the damages which it thereby sustained, such averments would be but a concise statement of the facts constituting its cause of action, and none of them would be inconsistent with the relief asked.

In estimating these damages the purchase price would be the principal element. If anything had been paid upon that, or collected by the execution issued, the damages would be diminished in accordance with the proofs made upon such subjects. But the mere fact that a worthless judgment for the purchase price was outstanding, when this action was commenced, neither satisfies the damages occasioned by the fraud nor bars an action therefor.

The case of *Rochester Distilling Co.* v. *Devendorf* (72 Hun, 623) is not an authority against this conclusion. In that case it appeared upon the trial that the judgment theretofore recovered for the purchase price of the goods had been *paid* and *discharged*, thus showing that the damages which the plaintiff was then seeking to recover had been fully satisfied. The court held that under such circumstances a nonsuit was proper. The decision is put upon the ground that the judgment appeared to have been paid. And it is intimated that had proof been made that the judgment, though discharged of record, had not been paid, a different result would have followed. The principle of the decision in fact sustains the conclusion above reached.

A judgment for the purchase price is not as full and complete a remedy for the damages sustained as is a judgment rendered in an action for the fraud. In the latter action an execution issues against the body of defendant, and thus affords a much more effective remedy than one against the property merely. In this respect a distinction exists between actions against corporations, where no

process against the person can issue, and one against the individual, and hence the case of *Caylus* v. *N. Y., K. & S. Railroad Co.* (76 N. Y. 609, 611) is not an authority applicable to this case.

It is objected that the plaintiff should not have two judgments for the same demand. No difficulty need arise on that account. Inasmuch as the plaintiff is not barred by the election of remedies from maintaining this action, there is no reason why it may not upon the trial, or whenever the damages are assessed, tender a discharge of the judgment for the purchase price; or, indeed, if no such tender was made it is manifest that it would not be allowed to collect both. Payment or satisfaction of either would be satisfaction of the other. And the court not infrequently is called upon to stay the collection of a judgment against one defendant because it has been collected from the property of another.

Inasmuch as the action can be sustained, there is no reason apparent why an order of arrest therein might not be issued. For those reasons I conclude that the order of the Special Term vacating the order of arrest was erroneous and should be reversed, with costs.

All concurred, except PUTNAM, J., not voting.

Order of Special Term reversed, with ten dollars costs and disbursements.