WILLIAM A. THOMAS CO. v. HOLST.

(Supreme Court, Appellate Term. January 21, 1910.)

ELECTION OF REMEDIES (§ 3*)—WHAT CONSTITUTES.

A judgment for plaintiff in an action on notes given for the price of goods sold bars an action for fraud in the representations which induced the sale, where plaintiff had knowledge of the alleged fraud when the former action was brought.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 3; Dec. Dig. § 3.*]

Dayton, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the William A. Thomas Company against Christ Holst. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Leon Dashew, for appellant.

Black & Becher (Henry J. Block and Kene Jaffe, of counsel), for respondent.

LEHMAN, J. The plaintiff alleges that, relying upon the defendant's fraudulent representation that he was August Holst, the owner of certain premises in the city of New York, he sold goods to the defendant and accepted notes made by the defendant amounting to the sum of $252. Upon plaintiff's cross-examination it appeared that he had recovered a judgment against defendant upon his contract obligation with knowledge of the alleged fraud, and that the judgment, though not paid, has been satisfied of record. The trial justice thereupon at the close of plaintiff's case dismissed the complaint, upon the theory that a judgment upon the contract constituted a conclusive election of remedies and is a bar to an action in tort upon the fraud.

If the plaintiff's cause of action is upon a rescission of the contract, such an action would be inconsistent with the affirmance of the contract by the prior action. Bank of Beloit v. Beale, 34 N. Y. 473; E. C. Foundry Co. v. Hersee, 103 N. Y. 25, 9 N. E. 487; Rochester Distilling Co. v. Mary M. Devendorf, 72 Hun, 428, 25 N. Y. Supp. 200. The plaintiff, however, had a right to stand upon the contract and to bring an action for the damages which he has suffered by the fraud of the defendant. Thomas v. Dickinson, 65 Hun, 5, 19 N. Y. Supp. 600. An earlier affirmance of the contract is apparently not inconsistent with such an action. Rochester Distilling Co. v. Stewart L. Devendorf, 72 Hun, 622, 25 N. Y. Supp. 529; Albany Hardware Co. v. Day, 11 App. Div. 230, 42 N. Y. Supp. 971; Wanzer v. De Baun, 1 E. D. Smith, 261.

The appellant contends that in this case he is bringing the action for damages upon an affirmance of the contract, and that therefore the trial justice erred in holding the earlier action was a bar. There are dicta to be found in the cases that, even if the affirmance of the contract is not inconsistent with the subsequent assertion of fraudulent misrepresentations, a suit prosecuted to judgment to enforce rights under the contract with knowledge of the fraud may be a bar to an action in fraud or a conclusive waiver of the fraud. Albany Hardware Co. v. Day, supra. We need not now decide this point, because, even if the trial justice dismissed the complaint upon an erroneous theory, the plaintiff has failed to show any damages through the fraud. He certainly never suffered any injury through the alleged representation of the defendant in the acceptance of the notes, because these are actually made by August Holst, the alleged owner of the premises, and are indorsed by the defendant. The plaintiff, therefore, has the credit of both of the notes. He has not shown that he was injured through the alleged representation in furnishing the

goods to the defendant, because he has not shown that the premises which defendant claimed to own were of any value above the liens thereon or that the actual owner is more solvent than the defendant.

Judgment should be affirmed, with costs.

GIEGERICH, J. I concur in the result reached by Mr. Justice LEHMAN upon the ground that according to the uncontradicted testimony the action previously brought and prosecuted to judgment was upon precisely the same claim as that upon which the present action is based, with the exception that the judgment demanded and obtained in the first action was for a sum of money simply, while that now sought would authorize an execution against the person. I am of the opinion that this is clearly a case where the doctrine of election of remedies should be applied, and that the plaintiff is barred from prosecuting the action now attempted to be brought.

DAYTON, J. (dissenting). That defendant perpetrated fraud and deceit upon plaintiff is uncontradicted. The action upon the notes fraudulently given by defendant and the satisfaction of that unpaid judgment did not deprive plaintiff of its right to bring this action for damages, as stated in the opinion of Mr. Justice LEHMAN. True, plaintiff had the notes of August J. Holst; but the gravamen of the fraud is that Christ Holst represented himself to be August F. Holst, the owner of certain premises upon which he, as August F. Holst, was about to raise a mortgage, out of the proceeds of which he would pay plaintiff. Relying on that statement, the goods were sold and delivered. I think plaintiff was at least entitled to go to the jury, and that the dismissal of the complaint was error.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.