THE UTICA CITY NATIONAL BANK, Plaintiff, *v.* BRENTON H. PENWARDEN, JR., and HARRY A. FOX, Defendants.

(County Court, Oneida County, March, 1918.)

Actions — negotiable instruments — tort — corporations — banks — partnership — judgments — pleading.

> In an action on a promissory note alleged to have been made and discounted by the defendants as partners at the plaintiff bank, a judgment recovered by the plaintiff against the non-answering defendant herein in an action in tort in which the same note was employed by said defendant, but incidentally only and as a means of procuring money from the plaintiff by representing that the note offered for discount was that of a certain corporation, when no such corporation in fact existed, and by a forged indorsement of his partner's name, is not available as a defense in the present action.

THIS action was brought in the usual form to recover upon a promissory note alleged to have been made and discounted by the defendants, as copartners, at plain-

tiff bank. Defendant Penwarden defaults. The answer of defendant Fox admits the making and discounting of the note, but sets up as a defense that prior to the commencement of this action the plaintiff had commenced an action against his codefendant Penwarden '' which action was founded upon the same note set forth in the complaint herein and was for the collection of the same amount of money; '' that plaintiff obtained a judgment therein which is still unsatisfied, '' and that said judgment is a bar to this action.''

This issue coming up for trial before a jury, some formal proofs were offered by each side and at the close of the evidence both sides moved for a directed verdict in its favor. The court thereupon dismissed the jury and took the motions under advisement.

Lynch, Willis & Titus (W. W. Guile, of counsel), for plaintiff.

W. J. B. Williams, for defendant Fox.

HAZARD, J. The judgment roll, offered in evidence by defendant and received, shows that this plaintiff has, as is claimed by the answering defendant, brought an action against his co-defendant herein and former partner, and that a judgment was taken therein. There can hardly be room for doubt but that the indebtedness upon which that action was founded and upon which this one is founded is identical. This is practically admitted by the plaintiff herein, who claims however that that judgment is not a bar to this action. An examination of the judgment roll in the former action, which was received in evidence herein as defendant's Exhibit 1, shows that the complaint alleged that on or about September 7, 1916, the defend-

ant (Penwarden) presented to the plaintiff the note set forth in the complaint in this action, and requested plaintiff to discount it. It alleges that the defendant represented that it was the note of Penox Roofing Company, Inc., which was a corporation, and that it bore the genuine signature of Harry A. Fox; that such representations were false in that the Penox Roofing Company, Inc., was at no time a corporation but was a fictitious name under which Penwarden was doing business and that the signature of Fox on the note was a forgery; that these representations were known by defendant to be false, and that they were made with intent to deceive; that the plaintiff relied upon such representations and believed them to be true and thereupon discounted the note; that the note was not paid at maturity and remains unpaid; that " by reason of the premises " the plaintiff has been damaged to the extent of the amount of the note and interest and protest fees and judgment is demanded accordingly. That action was undoubtedly *in tort* based upon the theory that the defendant had damaged the plaintiff bank by procuring the discount of a note purporting to have been made by a corporation which did not exist, and also by the forged indorsement of Fox. The present action, while concededly founded upon the same note, is upon contract and is based upon the theory that the note in question was the note of these defendants as copartners; that the name " Penox Roofing Co., Inc.," was in fact their copartnership name; and all this is admitted by the answer of the contesting defendant in this action.

The question is thus presented as to whether the judgment in the action in tort against Penwarden is here available as a defense to his partner Fox in this action against the firm upon the note. The general rule is, that a judgment against one of the several

joint debtors, in an action against him alone, is a bar to an action against his co-joint debtors. There are involved in this, questions of election of remedies, of estoppel, and of merger and bar. Undoubtedly as to the note in suit here, the defendants are joint debtors; but it does not appear that Fox was involved or implicated in the tort which was the basis of the former action. It is inaccurate to say, as defendant's attorney does in his brief, that the tort action was "founded upon the same note." That action was founded upon the tort, the fraud, in which, apparently, Penwarden only was involved. It is true that the note was employed or involved in the tort, but incidentally only and as a means of perpetrating the wrong. Under these circumstances it seems clear to me that the facts established in this case take it out of the general rule and make this case exceptional. It is difficult to see why Fox should be permitted to avoid the legal liability on his firm's note, because his partner had employed that note in perpetrating a fraud. If Penwarden did, as is established by the judgment in the tort action, procure some money from the plaintiff by representing that the note he offered for discount was the note of a corporation, when no such corporation in fact existed, and also by a forged indorsement of Fox, that is a matter personal with Penwarden and in which he solely is liable in tort. If after prosecuting that action to judgment plaintiff discovers that the note was in fact that of a firm, it would not seem that the plaintiff should be barred from prosecuting a civil action against the firm. The doctrine of estoppel and of election of remedies both involve a conscious selection, a choice and a determination entered into by the party barred with full knowledge of the facts involved. *Albany Hardware & Iron Co.* v. *Day,* 11 App. Div. 230; *Remmel* v. *Townsend,* 83 Hun, 353;

*Heckemann* v. *Young,* 134 N. Y. 173; *Candee* v. *Smith,* 93 id. 351.

Nothing of that sort occurred in connection with the bringing of the former action, for it is alleged therein that Penwarden falsely represented that the Penox Roofing Company, Inc., was a corporation and that the plaintiff acted in reliance upon that statement.

It seems to me that the legal principles involved are not to be differentiated from those set forth in *Morgan* v. *Skidmore,* 3 Abb. N. C. 92, where the questions involved herein are discussed at length by Judge Rapallo. It seems to me that upon the authority of that case the plaintiff should prevail here. There is not wanting other authority to the same general effect, as the case of *Morgan* v. *Skidmore* seems to be regarded as controlling authority and is followed as such.

In *Goldberg* v. *Dougherty,* 7 J. & S. 189, defendant, a member of a firm, had made certain false representations concerning the value of certain bonds, which plaintiff relied on, and purchased the bonds with an agreement that the vendors, defendant's firm, would purchase at same price at any time within six months. It was alleged that an action had been brought upon said agreement and a judgment recovered which remained unpaid. This action was to recover damages for fraud. A demurrer was overruled and this was affirmed by the New York Superior Court on appeal.

In *Johnson* v. *Luxton,* 9 J. & S. 486, it is said: '' The fact that fraud is committed in inducing a person to become bound by a contract, does not destroy a legal liability in damages for fraud, while the liability upon the contract also is unimpaired.''

In *Cohn* v. *Goldman,* 11 J. & S. 445, it is said that '' It is only in the case of partners, where one procures credit for his firm by false and fraudulent representa-

tions, that a recovery on contract against the members of the firm jointly is considered no bar to an action against the individual partner to recover the damage sustained by his fraud.''

In *Matter of Pierson,* 19 App. Div. 487, the court said: '' The election of one remedy against the firm may preclude the other, and so the election of one remedy against the individual may preclude the other. But the election against the individual is here made for the first time and is in tort.''

*Walden National Bank* v. *Birch,* 130 N. Y. 221, was an action to recover from defendants as sureties on a cashier's bond the value of certain securities alleged to have been converted by him. A judgment had been obtained by the plaintiff bank upon certain notes involved in the cashier's transactions, which judgment was unpaid. Held, that the plaintiff had two causes of action against the cashier, one on the note and the other for misappropriating the security collateral to the note. Held, that these remedies were *concurrent* and *not inconsistent.* Held, also, that: '' The casual circumstance that one payment would discharge both liabilities, does not affect their independent origin and nature, because no fact, essential to liability on the note, was essential to liability for the misappropriation. There was a breach of contract and also a breach of duty in no manner dependent on such contract. *Under such circumstances, no election of remedies was required, for both were available.*''

*New York Land I. Co.* v. *Chapman,* 118 N. Y. 288, was an action growing out of the leasing of certain premises to defendant and two other persons. It was claimed that upon defaulting on the· rent plaintiff was kept from re-entry and re-letting by certain false representations as to the solvency of the three original

lessees, made by the defendant. Plaintiff had recovered a judgment against the three lessees for rent and execution had been returned unsatisfied. The trial court dismissed the complaint on the pleadings, but the judgment was reversed by the Court of Appeals. After the commencement of the action lessees sublet the premises and plaintiff accepted from them the tenancy so created. This was urged as a waiver of the alleged fraud and its consequences. The court held: By taking the benefit of the subtenancy the plaintiff relinquished whatever claim it might have had against the lessees after the date of the sub-lease, " but it did not have the effect to relieve the defendant from any damages which the plaintiff had before then sustained by reason of the alleged fraud. The doctrine that any act in affirmance of a contract, after discovery of fraud, defeats the right of rescission is not necessarily applicable to an action for damages founded in fraud."

"A party may, however, prosecute as many remedies as he legally has, provided they are consistent and concurrent." Actions are consistent when they both proceed upon an affirmance of a contract made if "Although they differ in form, one does not allege what the other denies; but while they are consistent they are not identical, and a recovery in one does not constitute a bar to a recovery in the other. One proceeds upon the theory of tort, the other upon contract; and the rule upon which damages are awarded is different in the two cases." Also held that a test is as to whether the same evidence is required to support both actions. Also held that if in certain events the amount of damages might be the same in both cases " this would be a mere accidental coincidence, and would not affect the general rule by which the actions are distinguished." It is also said that the existence of duplicate judgments does not matter as they will

County Court, Oneida County, March, 1918. [Vol. 103.

all be ordered satisfied. *Bowen* v. *Mandeville,* 95 N. Y. 237.

It is to observed that in all the cases cited, beginning with *Morgan* v. *Skidmore,* the action upon the contract has preceded that upon the tort, whereas in the case at bar the reverse is true. Defendant's attorney claims that *Morgan* v. *Skidmore* and the other cases are therefore to be differentiated; and, admitting them to be authority for the proposition that under certain circumstances a judgment on contract against several joint obligors might not be a bar to a suit in tort growing out of the same transaction against some one of them, he claims that the reverse cannot be true; and cites *Bowen* v. *Mandeville,* 95 N. Y. 237, as an authority in support of his contention; and quotes Judge Ruger's language at page 241: "A different question would have been presented had the plaintiff first recovered judgment for the entire amount guaranteed to be paid by the defendant, and had then sought to maintain this action. As such a judgment would have covered the entire damage that could be occasioned by the transaction in question, it would necessarily include both the damages inflicted by the fraud as well as those resulting from the breach of contract."

I think the case must be differentiated; in it there was but *one defendant* and it might well be said that one judgment covering the entire claim against him was about all that the plaintiff was entitled to; but here we have a case where a third party is involved who seeks to extricate himself by a plea that plaintiff already has a judgment (which is worthless) against his partner for the full amount. It seems to me that the entire argument as well as the decision in *Bowen* v. *Mandeville* are contra to defendant's claims. The distinction to be observed is made clear by reference

to *New York Land Imp. Co.* v. *Chapman,* 118 N. Y. 296, and *Weston* v. *Citizens Nat. Bank,* 88 App. Div. 330, 335.

I think the plaintiff's motion must prevail, and that it is entitled to a directed verdict in its favor.

Ordered accordingly,